United States District Court
Southern District of Texas
**ENTERED**
September 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON GEORGE LEWIS, #02119014, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3272 |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Brandon George Lewis, a/k/a Brandon Jacob Smith, Harris County Jail SPN #02119014, filed this section 1983 lawsuit seeking monetary damages against the State of Texas and unidentified Harris County district courts. He proceeds *pro se* and *in forma pauperis*.

Having screened the lawsuit as required by sections 1915 and 1915A, the Court DISMISSES this lawsuit for the reasons explained below.

### *Background and Claims*

Plaintiff complains that, in July 2017, he was arrested and detained for unauthorized use of a motor vehicle and evading arrest with a motor vehicle. He states that in October 2017, he was further charged with robbery with bodily injury, and that he currently remains in pretrial detention under all three charges. He contends that his detention was, and remains, unlawful because the State and Harris County courts denied him probable cause hearings and arraignments. He seeks $2.5 million in monetary compensation.

*Analysis*

Because plaintiff is proceeding *in forma pauperis* and is a prisoner or pretrial detainee who has sued a government entity or employee of a government entity, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

This Court's review of public online Harris County criminal court records shows that plaintiff is currently detained on felony charges for robbery with bodily injury, unauthorized use of a motor vehicle, and evading arrest with a motor vehicle. All three criminal charges are pending in the 263rd District Court of Harris County, Texas. Plaintiff was given a video-teleconference probable cause hearing in the unauthorized use of a motor vehicle case on July 31, 2017, at which time probable cause was found. *State v. Lewis*, Cause No. 1538346, in the 263rd District Court of Harris County, Texas. He was represented by a public defender at the hearing, and bond was set. An indictment was returned against him on August 14, 2017. Arraignment was set for September 14, 2017, but defense counsel, with defendant's agreement, thereafter reset the case twelve times. Disposition of the case is currently set for October 7, 2019. Thus, the public records show that plaintiff received his probable cause hearing, and that he has continuously reset arraignment and disposition

hearings. Consequently, the records rebut his factual allegations that the State courts denied him a probable cause hearing and arraignment.

The public online records in plaintiff's pending case for evading arrest with a motor vehicle show a similar progression and status. *State v. Lewis*, Cause No. 1560366, in the 263rd District Court of Harris County, Texas. Probable cause was found at a video-teleconference hearing held July 31, 2017. Plaintiff was represented by a public defender, and bond was set. An indictment was returned against him on August 14, 2017. Plaintiff reset the subsequent docket settings, including his arraignment hearing, and disposition of the case is currently set for October 7, 2019. Thus, the public records again refute plaintiff's allegations that the State and courts denied him a probable cause hearing and arraignment.

The proceedings in plaintiff's pending case for robbery with bodily injury followed a different course, as plaintiff was already in pretrial detention under the two earlier charges when the third felony was brought against him on October 27, 2017. *See State v. Lewis*, Cause No.1568842, in the 263rd District Court of Harris County, Texas. An indictment in the case was filed on December 7, 2017. The arraignment hearing was reset by defense counsel, as were all subsequent docket settings. Disposition of the case is currently set for October 7, 2019. The public court records show that the State and courts have not denied plaintiff any constitutionally-required hearings.

3

*Conclusion*

This case is DISMISSED WITHOUT PREJUDICE as frivolous and/or for failure to state a viable claim for which relief can be granted under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on September 25, 2019.

Gray H. Miller
Senior United States District Judge